## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INNOTEK ENGINEERED PRODUCTS INC, | ) | Case No. 04-20054-7-RDB |
| aka WILLIAMS ACQUISITION OF KANSAS, INC. | ) | |
| aka WILLIAMS EQUIPMENT COMPANY, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| STEVEN R. REBEIN, Chapter 7 Trustee for Innotek | ) | |
| Engineered Products, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INNOTEK CORPORATION, a Delaware corporation, | ) | Adv. No. _____ |
| | ) | |
| Serve: The Corporation Trust Company | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE 19801 | ) | |
| (Registered Agent) | ) | |
| Defendant. | ) | |

### COMPLAINT TO RECOVER AVOIDABLE TRANSFERS

Steven R. Rebein ("Trustee") is the duly appointed Chapter 7 Trustee for Innotek Engineered Products, Inc. (the "Debtor"). Trustee hereby complains against Innotek Corporation ("Defendant") for the avoidance and recovery of preferential and/or fraudulent transfers pursuant to 11 U.S.C. §§ 547(b), and 550 and K.S.A. § 33-205(b) and 11 U.S.C. § 544, as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and 11 U.S.C. §§ 544, 547 and 550.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) and (c) because the Debtor's case is pending in this District and Division.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H).

4. This adversary proceeding is being brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure to recover money and property preferentially and/or fraudulently transferred to the Defendant.

## PARTIES

5. On January 8, 2004 ("Petition Date"), an Involuntary Petition for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code was filed against the Debtor. This Court entered its Order for Relief on February 6, 2004.

6. Steven R. Rebein was thereafter appointed as the Chapter 7 Trustee of the Debtor's estate, and he continues to serve as the duly qualified Chapter 7 Trustee.

7. The Debtor is a Delaware corporation and the Chapter 7 Debtor in the case at bar. The Debtor was previously known as Williams Acquisition of Kansas, Inc., and Williams Equipment Company, Inc. Prior to the filing of the Involuntary Bankruptcy Petition, the Debtor was in the hydraulic and pneumatic parts supply business and its business operations were located in Olathe, Kansas.

8. Innotek Corporation, a Delaware corporation (sometimes referred to as "Innotek"), may be served with process in this case by serving its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9. Ed Pope, at all times relevant hereto, owned or owns 99.5% of the Debtor's outstanding stock and was its sole director.

10. Ed Pope, upon information and belief, at all relevant times herein, also owned or owns all or a substantial portion (in excess of 20%) of Innotek and was/is substantially involved in the management of Innotek.

## COUNT I - PREFERENCE CLAIMS (11 U.S.C. § 547)

11. Trustee incorporates herein as if fully set forth the allegations of Paragraphs 1 to 10 of above.

12. The Debtor made certain transfers to Defendant within one year prior to the Petition Date, as identified more particularly in Exhibit A attached hereto and incorporated herein by reference ("Transfers").

13. Innotek is an insider of the Debtor for purposes of 547(b)(4)(B)(2004) as an affiliate or the insider of an affiliate of the debtor. They share common ownership and control through Mr. Ed Pope.

14. Defendant was a creditor of the Debtor at the time it received each Transfer identified in Exhibit A.

15. Each of the Transfers identified in Exhibit A was a transfer of property in which the Debtor had an interest.

16. Each of the Transfers identified in Exhibit A was made to or for the benefit of Defendant.

17. Each of the Transfers identified in Exhibit A was made on account of an antecedent debt due and owing to Defendant by the Debtor before such Transfer was made.

18. Each of the Transfers identified in Exhibit A was made within the one year preceding the Petition Date.

19. The Debtor was insolvent at the time of each and every one of the Transfers identified in Exhibit A.

20. Defendant's retention of the Transfers identified in Exhibit A enables it to receive more than it would have received as a creditor if (a) the case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) it received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

21. Demand has been made by the Trustee upon Defendant to return to the Trustee the amounts of the Transfers identified in Exhibit A made to it as preferential transfers, but Defendant has failed and/or refused to do so.

22. There is now due and owing to the Trustee from Defendant the sum of $670,554.44 plus interest from the date of the demand on account of the Transfers identified in Exhibit A.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

A. Determining that each of the Transfers identified in Exhibit A constitutes a preference under § 547(b) of the Bankruptcy Code;

B. Requiring the Defendant, pursuant to § 550 of the Code, to turn over to the Trustee the amounts of the Transfers identified in Exhibit A which it received, plus interest accruing from the date of the Trustee's demand for payment, as preferential transfers, and the cost of this action; and

C. Granting any other and further relief as the Court deems just and proper.

### COUNT II – State Law Fraudulent Transfer Claims
### (K.S.A. § 33-205(b) and 11 USC § 544)

23. Trustee incorporates as if fully set forth herein the allegations of paragraphs 1 to 22 of above.

24. Innotek is an insider of the Debtor for purposes of K.S.A. § 33-205(b) as an affiliate or the insider of an affiliate of the debtor. They share common ownership and control through Mr. Ed Pope.

25. The Debtor made certain transfers to Defendant within one year prior to the Petition Date, as identified more particularly in Exhibit A attached hereto and incorporated herein by reference ("Transfers").

26. The Debtor's creditors in this bankruptcy action include numerous creditors who are not insiders and all or a portion of them have unpaid claims that arose prior to the transfers identified in Exhibit A.

27. Each of the Transfers identified in Exhibit A was a transfer of property in which the Debtor had an interest.

28. Each of the Transfers identified in Exhibit A was made to or for the benefit of Defendant.

29. Each of the Transfers identified in Exhibit A was made on account of an antecedent debt due and owing to Defendant by the Debtor before such Transfer was made.

30. The Debtor was insolvent at the time of each and every one of the Transfers identified in Exhibit A.

31. The Defendant had reasonable cause to believe that the Debtor was insolvent at the time the transfers identified in Exhibit A were made.

32. Demand has been made by the Trustee upon Defendant to return to the Trustee the amounts of the Transfers identified in Exhibit A, but Defendant has failed and/or refused to do so.

33. There is now due and owing to the Trustee from Defendant the sum of $670,554.44 plus interest from the date of the demand on account of the Transfers identified in Exhibit A.

34. The Trustee is entitled to avoid the transfers identified in Exhibit A pursuant to 11 USC § 544(a) and (b) and K.S.A. § 33-207(a)(1), and is entitled to recover those transfers from Defendant under K.S.A. § 33-208(b).

35. The Defendant is a transferee from whom the amount of each such avoidable transfer identified in Exhibit A may be recovered under K.S.A. § 33-208(b) and (c).

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

A. Determining that each of the Transfers identified in Exhibit A constitutes a fraudulent transfer under K.S.A. § 33-205(b);

B. Requiring the Defendant, pursuant to K.S.A. § 33-207(a) and 33-208(b) and (c), to turn over to the Trustee the amounts of the Transfers identified in Exhibit A which it received, plus interest accruing from the date of the Trustee's demand for payment, as fraudulent transfers, and the cost of this action; and

C. Granting any other and further relief as the Court deems just and proper.

Dated this 21sth day of June 2006.

## COUNT III – State Law Fraudulent Transfer Claims
## (K.S.A. § 33-204(a) and 11 USC § 544)

36. Trustee incorporates as if fully set forth herein the allegation of paragraphs 1 to 35 above.

37. On September 10, 2003, Bank One and Debtor entered into a Loan Extension and Modification Agreement ("Loan Extension") after Bank One declared a default on the existing

loan agreement with the Debtor. The Debtor owed in excess of $2,000,000.00 to Bank One at that date.

38. Edward Pope was guarantor for up to $250,000.00 as part of such Loan Extension and he placed $147,000.00 in a Guaranty Account and he previously pledged $150,000.00 in Certificates of Deposit. The Loan Extension extended the maturity date to December 31, 2003 and resolved the existing defaults.

39. On November 5, 2003, Bank One, Debtor and Edward Pope entered into a "Voluntary Surrender Agreement" by which the Debtor agreed to surrender possession of the collateral to the Bank but which agreement required Bank One to transfer significant portions of the collateral to Innotek Corporation. The collateral which was transferred to Innotek Corporation included inventory which had been furnished by Pall Corporation and its affiliates and subsidiaries, and the inventory which had been furnished to the Debtor by Becker. The total value of this inventory was $308,055.00 but Innotek Corporation, an insider of the Debtor, was permitted to purchase that inventory for $154,078.00.

40. Prior to entering into the Voluntary Surrender Agreement on November 5, 2003, the Debtor owned customer receivables from the sale of Pall Corporation inventory and Becker inventory of $244,307.00. Innotek Corporation received those customer receivables as part of the transfer under the Voluntary Surrender Agreement for less than the value of these receivables.

41. The transfers of the Debtor's assets through Bank One to Innotek Corporation permitted Innotek Corporation to assume a profitable portion of the Debtor's business operations without payment of any consideration of the Debtor.

7

Case 06-06126    Doc# 1    Filed 06/21/06    Page 7 of 10

42. The transfer of the Debtor's assets to Innotek Corporation through the Voluntary Surrender Agreement with Bank One as structured by Innotek Corporation, Mr. Ed Pope and their employees, constituted a transfer of the Debtor's assets with the actual intent to hinder, delay or defraud creditors of the Debtor. The Structure of the transaction was intended to transfer a profitable portion of the Debtor's business to an insider Innotek Corporation to cleanse them from the claims of the Debtor's unsecured creditors.

43. The transfer of the Debtor's assets ultimately to Innotek Corporation via the Voluntary Surrender Agreement was made for less than the reasonably equivalent value of the assets transferred.

44. The transfers to Innotek Corporation made via the Voluntary Surrender Agreement was done to allow Innotek Corporation, an insider, to assume favorable portions of the Debtor's business without assuming the liabilities of the Debtor's business.

45. The transfers made to Innotek Corporation via the Voluntary Surrender Agreement left the Debtor unable to repay its debts.

46. The Voluntary Surrender Agreement caused the Debtor to transfer essential assets of its business to its bank lien creditor who then transferred the assets to Innotek Corporation, an insider of the Debtor.

47. The Debtor was insolvent or became insolvent as a result of the transfer of its assets to Innotek Corporation via the Voluntary Surrender Agreement.

48. The transfer of the Debtor's assets and the structure of the transaction under the Voluntary Surrender Agreement was concealed from the Debtor's creditors who, at or around that time were actively seeking information regarding the Debtor's transactions in order to

determine if such transactions were appropriate. The Debtor, Innotek Corporation, Ed Pope and other insiders of the Debtors refused to provide such information although requested to do so.

49. The Debtor had been threatened with suit prior to the transfer to Innotek Corporation via the Voluntary Surrender Agreement by one or more of its creditors, including, but not limited to, IMI Norgren. The transfer made to Innotek Corporation and others under the Voluntary Surrender Agreement was of a substantial portion of the Debtor's assets and left the Debtor unable to be sold as ongoing business.

50. The Debtor had an agreement with Bank One to permit it to be sold as an ongoing business and the Debtor had up until December 31, 2003 within which to accomplish the sale. Notwithstanding, Defendant, Innotek Corporation Ed Pope and others improperly caused the Debtor to enter into the Voluntary Surrender Agreement almost two months prior to such deadline.

51. The Debtor had an extension of time to repay its lien creditor, Bank One, but determined through Defendant and Defendant's owner, Ed Pope, to transfer to Innotek Corporation, an insider, those favorable lines of business on which Innotek Corporation also was engaged in other territories. The Defendant should be required to fully account to the Trustee for all assets of the Debtor which it received and to pay the ongoing business value for the assets which it received.

52. The Trustee is entitled to avoid the transfers made to Innotek Corporation pursuant to the Voluntary Transfer Agreement (or otherwise made direct to the Defendant) pursuant to 11 U.S.C. §544(a) and (b) and K.S.A. §33-207(a)(1), and is entitled to recover those transfers from Defendant under K.S.A. §33-208(b) and 11 U.S.C. §550.

53. The Defendant is a transferee from whom such avoidable transfers may be recovered under K.S.A. §33-208(b) and (c) and 11 U.S.C. §550.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

A. Determining that the transfers made to Innotek Corporation pursuant to the Voluntary Surrender Agreement or otherwise direct from the Debtor constitute fraudulent transfers under K.S.A. §33-204(a);

B. Requiring the Defendant, pursuant to K.S.A. §33-207(a) and 33-208(b) and (c) and 11 U.S.C. §550, to turn over to the Trustee the amounts of transfers which it received pursuant to the Voluntary Surrender Agreement or otherwise, as fraudulent transfers, and the costs of this action; and

C. Granting any other and further relief as the Court deems just and proper.

BROWN & DUNN, P.C.


By:     s/ Frank Wendt
Frank Wendt, Kansas Supreme Court # 13924
911 Main Street, Suite 2300
Kansas City, Missouri 64105
Telephone (816) 292-7000
Fax (816) 292-7050
fwendt@browndunn.com
SPECIAL COUNSEL FOR CHAPTER 7 TRUSTEE